AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>ANTHONY IWASKO IV<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )<br>Case No.<br>Mag. No. 22-mj-4019 (MJS) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 14, 2021__ in the county of __Atlantic__ in the _____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) | See Attachment A. |

This criminal complaint is based on these facts:
See Attachment B.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian Teague, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __04/06/2022__

_____
*Judge's signature*

City and state: __Camden, New Jersey__   Hon. Matthew J. Skahill, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

On or about December 14, 2021, in Atlantic County, in the District of New Jersey and elsewhere, the defendant,

## ANTHONY IWASKO IV,

did knowingly possess materials, including, but not limited to a PNY 64GB Flash Drive, which contained three or more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which images were mailed, shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, after having previously been convicted, in the Pennsylvania Court of Common Pleas, of possession of child pornography, in violation of Title 18, Section 6312D1, of the Pennsylvania Criminal Code.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## ATTACHMENT B

## AFFIDAVIT

1.  I, Brian Teague, (the "affiant"), state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this Affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

2.  At all relevant times, Anthony Iwasko IV ("IWASKO") resided at an address in Mays Landing, New Jersey ("the Residence"). On July 31, 2008, IWASKO was sentenced after pleading guilty in the Pennsylvania Court of Common Pleas, Bucks County, to possession of child pornography, in violation of Title 18, Section 6312D1, of the Pennsylvania Criminal Code.

3.  In September 2021, HSI agents used investigative software that was connected to the Internet to conduct an investigation of a peer-to-peer file-sharing network. The investigative software noted that a computer using IP address 73.178.178.100 ("Target IP Address") was possessing and/or offering to share child exploitation material. Specifically, the investigative software detected files from a list of known child exploitation material within a shared folder on the computer using the Target IP Address.

4.  During the period starting September 5, 2021 and continuing through September 11, 2021, HSI agents using the investigative software established a direct connection with the computer using the Target IP Address on multiple occasions and downloaded portions of multiple files of child exploitation material from the suspect computer. Specifically, investigators downloaded the following partial files:

PARTIAL FILE 1

Date:         September 5, 2021

Description:  This is a video file that is approximately 1 minute and 7 seconds in length and depicts a prepubescent male child approximately fourteen years of age and another prepubescent male approximately eight years of age. The boys are in a bedroom and the older boy exposes his genitals while the younger boy watches.

2

PARTIAL FILE 2

Date: September 11, 2021

Description: This is from a video file that is approximately 30 minutes and 13 seconds in length and depicts a pubescent female child approximately twelve years of age dressed and blindfolded while lying on a bed. An adult male fully undresses the child and performs vaginal intercourse with the child.

5. During the same time frame, the investigative software established a direct connection with the computer using the Target IP Address on multiple occasions and downloaded complete files of child exploitation material from the suspect computer. Specifically, investigators downloaded the following complete files:

COMPLETE FILE 1

Date: September 5, 2021

Description: This is a video file that is approximately 5 minutes and 35 seconds in length and depicts a prepubescent male child approximately twelve years of age masturbating by himself.

COMPLETE FILE 2

Date: September 5, 2021

Description: This is a video file that is approximately 3 minutes and 16 seconds in length. The video depicts a prepubescent male child approximately twelve to fourteen years of age performing oral sex on an adult male and transitions to the adult male having anal sex with the child.

6. I have viewed the downloaded portions of the files that were obtained from the suspect computer and confirmed that the downloaded portions of the four videos described above (collectively, the "Downloaded Videos") contain child pornography.

7. Records from an Internet Service Provider indicated that the Target IP Address was subscribed to IWASKO at the Residence on September 5, 2021.

8. On December 14, 2021, federal law enforcement agents executed a search warrant at the Residence that had been issued the prior day by the Honorable Sharon A. King, U.S.M.J. Agents located IWASKO at the Residence and conducted an audio-recorded interview of IWASKO. After being informed of and waiving his Miranda rights, IWASKO admitted, in substance and in part, that he was the sole resident of the Residence.

9. During their search of the Residence, agents seized various electronic devices and electronic storage media. A forensic examination of the devices and media revealed that the items contained at least approximately 350 images and 300 videos of suspected child

pornography, including on the following devices:

    a. a NZXT tower computer contained numerous images and videos of child pornography. The videos consisted of files that had been partially downloaded using a peer-to-peer file-sharing program. A unique, alphanumeric electronic signature used to identify the client user of the peer-to-peer file-sharing program on the NZXT computer matched the alphanumeric electronic signature of the device used to transmit the Downloaded Videos to HSI agents, as described above; and

    b. a PNY 64GB Flash Drive contained numerous videos of child pornography, including at least approximately 2 videos that contained sadomasochistic material, as well as copies of the Downloaded Videos.

10. On December 15, 2021, agents returned to the Residence to return to IWASKO a thumb drive seized from his car the prior day. During the encounter, IWASKO told agents, in sum and substance, that he felt bad, not only because he was caught, but because he had messed up again. In the context of discussing child pornography, IWASKO stated that he only watched "them" once and had not downloaded anything since November because he had felt remorseful about his conduct.

11. Based on my education, training and experience, and my discussion with other law enforcement officers, and to the best of my knowledge, the videos and images described herein were transmitted, received and possessed in interstate and foreign commerce and were transmitted, received and possessed using any means and facility of interstate and foreign commerce, including by computer and cellular telephone.

Respectfully submitted,

Brian Teague
HSI Special Agent

Pursuant to Fed. R. Crim. P. 4.1, HSI Special Agent Teague was sworn and attested to the contents of this affidavit in support of the criminal complaint.

Date: April 6, 2022

HON. MATTHEW J. SKAHILL
United States Magistrate Judge

4